PHILLIP A. TALBERT
United States Attorney
ALEXANDRE DEMPSEY
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 1:22-CR-00164-DAD-BAM |
|---|---|
| Plaintiff, | UNITED STATES' MOTION TO REVOKE ORDER OF RELEASE AND TO STAY ORDER OF RELEASE DURING PENDENCY OF MOTION |
| v. | |
| MICHAEL MARCUM, | DATE: June 24, 2022 |
| Defendant. | TIME:<br>COURT: Hon. Dale A. Drozd |

The United States of America, by and through its attorneys, PHILLIP A. TALBERT, United States Attorney for the Eastern District of California, and Alexandre Dempsey, Assistant United States Attorney, hereby move this Honorable Court to revoke the magistrate court's order of release as to MICHAEL MARCUM pursuant to 18 U.S.C. § 3145(a) and to stay the magistrate court's order of Marcum's release during the pendency of this motion.

As an initial matter, this motion is properly before this Court. "If a person is ordered released by a magistrate . . . the attorney for the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release. . . ." 18 U.S.C. § 3145(a)(1). This Court has original jurisdiction over the offense charged by Indictment in this case and therefore may rule on this motion. Doc. 1. The rule also calls for the motion for revocation to be determined promptly. *See* 18 U.S.C. § 3145(a).

Michael Marcum was arrested on June 10, 2022, by United States Postal Inspectors in Kern County. In addition to a lengthy history of convictions for offenses including robbery, possessing a stolen vehicle, disorderly conduct, and actions constituting theft, Marcum has had numerous warrants issued related to his failure to appear in court and for violations of probation. At this time, there appear to be three outstanding warrants for Marcum's arrest, including one based on a third failure to appear in the same criminal case.

The Honorable Erica P. Grosjean, U.S. Magistrate Court Judge, arraigned Marcum on June 14, 2022, and set the detention hearing for June 21, 2022. At the detention hearing, Judge Grosjean requested additional information regarding possible release conditions and continued the detention hearing until June 23, 2022. After the continued hearing and after consideration of the information proffered by the government and the pretrial services officer, Judge Grosjean ordered Marcum released on a number of conditions including participation in a substance abuse treatment program at Teen Challenge. Judge Grosjean stayed the release until June 24, 2022 at 4:00 PM in order to allow time for the United States to file a motion to revoke. Because the defendant's release poses a danger to the community and because the defendant remains a serious risk of flight regardless of any conditions that this Court could impose, this Court should revoke the order of release and order the defendant detained.

## BACKGROUND

### I. Procedural History

On June 9, 2022, a grand jury indicted Marcum on three counts: being a felon in possession of ammunition; possession of a counterfeit postal key; and, possession of stolen mail. Doc. 1. After being arrested on June 10, 2022, Marcum was eventually arraigned on the Indictment on June 14, 2022. Doc. 5. The delay between Marcum's arrest and his arraignment was caused by his admittance into the hospital for serious health concerns. After two detention hearings, Judge Grosjean eventually ordered Marcum released on conditions, against the recommendation of Pretrial Services and over the objection of the United States. Doc. 10.

### II. Factual Background

Based on an investigation into a series of mail thefts in December 2021 and January 2022, federal agents eventually obtained a search warrant and searched Marcum's residence on March 16,

2022. Upon arrival at Marcum's residence, agents knocked on the front door and announced themselves. After announcing themselves, Marcum fled from the kitchen of the residence and hid from the agents in the attached garage until he was discovered. During the execution of that search warrant, agents located and seized stolen mail, checks, a USPS arrow lock, a counterfeit arrow key, a semi-automatic firearm with no serial number, more commonly known as a "ghost gun," and 53 rounds of 9mm ammunition for the firearm. Marcum subsequently admitted to purchasing the ghost gun and ammunition despite knowing that he could not possess the firearm because he was a convicted felon. He also admitted to possessing the stolen mail, USPS arrow lock, and counterfeit arrow key.

Marcum was eventually indicted in this case and subsequently arrested on June 10, 2022. When Marcum was arrested, he was found in possession of a small baggie. When asked what was in the bag, Marcum admitted that it was methamphetamine.

## ARGUMENT

### I.     Bail Reform Act

The detention and release of a defendant is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3141, *et seq*. Section 3145(a) of Title 18 permits the government to move for reconsideration of a detention decision, to be heard by the district court judge with original jurisdiction. The district court reviews the magistrate judge's decision *de novo*. *United States v. Koening*, 912 F.2d 1190, 1191 (9th Cir. 1990).

When the government seeks detention on the basis of danger, it bears the burden of proving by clear and convincing evidence the existence of that risk and the inability of any condition or combination of conditions to alleviate it. *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991). When the government seeks detention on the basis of flight, it bears the burden of proving by a preponderance of the evidence. In deciding whether the government has met its burden, the court must consider the factors provided in Section 3142(g) of Title 18 to make an "individualized" determination on the need for detention. *United States v. Scott*, 450 F.3d 863, 874 (9th Cir. 2006); *United States v. Hir*, 517 F.3d 1081, 1086, 1090–93 (9th Cir. 2008) (listing and then subsequently weighing the § 3142(g) factors to the individual case before the court); 18 U.S.C. § 3142(e) (noting that a judicial

officer "shall order the detention" of the defendant if she "finds that no condition or combination of conditions will reasonably assure . . . the safety of any other person and the community.").

The § 3142(g) factors are (1) the nature and circumstances of the offense charged, . . .; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including the person's character, physical and mental condition, family and community ties, employment, financial resources, past criminal conduct, and history relating to drug or alcohol abuse; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.  18 U.S.C. § 3142(g).

**II.     Marcum is a serious risk of flight and a danger to the community**

The defendant is a serious risk of flight and has demonstrated time and time again that he cannot be trusted on release.  As outlined by Pretrial Services, the defendant has three failures to appear in traffic court and at least three failures to appear in a case from 2020, the last of which has resulted in a still pending bench warrant with an associated bail amount of $20,000.  In addition to failures to appear, the defendant has been arrested on warrants multiple times while on probation and/or release and has had his probation revoked at least once.  Including the aforementioned warrant, Marcum currently has three outstanding warrants for his arrest in California, all issued in 2022.  Finally, Marcum is currently subject to felony probation in Kern County and has been since February 8, 2019.  According to his probation officer, Marcum never updated his address and still claimed to be living with his mother in Bodfish.

The defendant remains a danger.  Marcum's criminal history depicts an individual who cannot stop committing crime[1], to the point of committing new offenses while under supervision, like he did in this case.   Additionally, even though the defendant was on felony probation when he committed the current offense, he still went out and purchased a ghost gun and associated ammunition.  If he is released

---

[1] According to the Pretrial Services Report, the only significant break in Marcum's criminal history appears to be from 2009 until early 2018.  However, according to Clark County and Nevada Department of Corrections records that period of time primarily consisted of Marcum failing to appear at sentencing in 2009, eventually being arrested on a bench warrant in 2012, and remaining incarcerated until June 2017.

UNITED STATES' NOTICE OF MOTION AND MOTION TO
REVOKE RELEASE ORDER                                    4

again, there is nothing that can be done to stop the defendant from obtaining another firearm. Indeed, a drug-treatment program like Teen Challenge is not a secure lockdown facility.

These concerns are not mitigated merely because the defendant has been ordered released into a substance abuse program. The defendant has shown what he will do when he is released on supervision time and time again. While the government understands and sympathizes with the defendant's health concerns and his substance abuse problems, the risks of danger and flight are too great to allow the defendant's release.

## CONCLUSION

The defendant is a danger to the community and a serious flight risk based on the factors set forth in 18 U.S.C. § 3142(g), and there are no conditions of release that could mitigate the risk of danger or flight posed by the defendant. The defendant should remain detained as a risk of danger to the community and as a risk of flight.

Dated: June 24, 2022

PHILLIP A. TALBERT
United States Attorney

By:  /s/ ALEXANDRE DEMPSEY
ALEXANDRE DEMPSEY
Assistant United States Attorney