Michael Marcum - Reg No. 05885-10
Bureau of Prisons - FCI-Sheridan
P.O. BOX 5000
Sheridan, Oregon   97378
Pro-Se Prisoner



FILED
OCT 06 2023
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
         DEPUTY CLERK

HONORABLE JUDGE ANA DE ALBA

# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>PLAINTIFF<br><br>vs.<br><br>MICHAEL MARCUM<br>DEFENDANT | CASE NUMBER<br>1:22-CR-00164-ADA-BAM<br><br><br>MOTION FOR SENTENCE REDUCTION-<br>COMPASSIONATE - RELEASE PURSUANT<br>TO 18 U.S.C. 3582(c)(1)(A), AND THE FIRST<br>STEP ACT OF 2018 |

    **COMES NOW**, Mr. Michael Marcum, (hereinafter known as the Defendant in Pro-Se Forma,) respectfully submits the above motion for sentence reduction - compassionate release Pursuant to **18 U.S.C. 3582(c)(1)(A),** and **The First Step Act of 2018**. The Defendant is serving his 41-month sentence in violation of **18 U.S.G. 922(g)**. The Defendant's projected release date via good time conduct is 05-10-2025. The Defendant argues that "extraordinary and compelling reasons" support his release within the meaning of **18 U.S.C. 3582(c)(1)(A)**. It is the Defendant's burden and reason to establish his extraordinary and compelling reason for sentence reduction - compassionate release pursuant to **18 U.S.C. 3582(c)(1)(A)**

1

### I. *PRO-SE FORMA*

As the Defendant proceeds before this court - as a Pro-Se Litigant - he is NOT educated in the studies of law or legal proceedings. It is therefore necessary to invoke the United States Supreme Court holding in **Haines v. Kerner, 404 U.S. 519, 520 (1972)**, wherein the court held that a motion filed by a Pro-Se Litigant is to be held to a "less stringent" standard than a motion formally filed or submitted to the court by a lawyer. It is respectfully requested that the defendant's "request" is construed accordingly. See also, **Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).**

### II. *REQUEST TO WARDEN*

In **United States v. Alam, No. 20-1298, 2020 WL2845694 \*2 (June 2, 2020)** ("for a prisoner to take his [compassionate release] claim to court, "he must 'fully exhaust all administrative rights to appeal' with the prison or wait 30-days after his request to the prison."). **18 U.S.C. 3582(c)(1)(A) and The First Step Act of 2018,** to allow a defendant to file a motion after 30-days had passed from the filing of a request with the warden regardless of whether the warden had responded and regardless of the appeal status of a denial by the warden" **Quoting Alam 960 F.3d.** Based on the foregoing, the Defendant satisfies **The First Step Act of 2018** requirement; by allowing over 30-days, which is all that is required. Over 30-days have passed, and the instant motion is properly before this Honorable Court.

### III. *INADEQUATE MEDICAL CARE*

(1) The Bureau of Prisons, (hereinafter known as B.O.P. FCI Sheridan), is negligent in effectively managing and treating the Defendant's life- threatening medical conditions. Due to B.O.P.- FCI-Sheridan's negligence, Mr. Marcum's health has unnecessarily and needlessly begun to rapidly deteriorate.

(2) The Defendant is a 47-year-old male with a history of congestive right ventricular failure, progressing recently into acute symptoms of disabling dyspnea, fatigue, and syncope. The Defendant's fluid retention is ever present and a constant danger. His diagnosis includes pulmonary hypertension, along with high cholesterolemia. He has often had several syncopal episodes in his housing unit, resulting in falls in the shower, on the stairs, and walking within the facility. The Defendant has had multiple measurements of systemic HTN, poorly controlled presently, with the following medications: Furosemide, Spironolactone, Carvedilol, Nifedipine, and Atorvastatin, along with Potassium supplements.

(3) The Defendant has been rushed to Salem Hospital on 07-17-2023, where he was admitted and treated through 07-24-2023. The Defendant was again rushed twice, to Willamette Valley Medical Center where he was admitted and treated on the following dates: 08-16-2023 through 08-21-2023 and on 09-03-2023 through 09-07-23.

(4) The Defendant is clearly not receiving adequate specialized individual treatment in his current medical situation. His exertional dyspnea is progressing to orthopnea, and rest dyspnea. He has frequent nocturia also, as well as one ascites episode, and several hospitalizations as mentioned above. With these results he is a class III NYHA patient. The Defendant contends that he is receiving a basic pharmacologic heart failure protocol with limited medications. His current medical conditions and several hospital stays are a definite indication of the non-existence of specialized individual medical care from the B.O.P.- FCI Sheridan. His worsening dyspnea points to the immediate and urgent need for closer, specialized individual medical management and treatment. Pulmonary edema is a very real risk for the Defendant and unless he receives the specialized medical care and treatment, the edema will no longer

be a risk, but rather a fact. This court can request the records from the B.O.P. - FCI-Sheridan's health system to corroborate the Defendant's argument and medical issues.

(5) The B.O.P.- FCI-Sheridan failed to mitigate and curtail the COVID pandemic within its walls and is not properly staffed or equipped to maintain or mitigate any new virus or another pandemic. Once again, a clear indication that the B.O.P.- FCI-Sherian is incapable of providing the correct and proper specialized medical care for the Defendant. B.O.P.- FCI-Sheridan has consistently been ruled against for its cruel and unusual punishment to its inmates. FCI-Sheridan medical health system has struggled with its pandemic response. The courts and the government have acknowledged the troubling conditions at FCI-Sheridan throughout the pandemic, including deaths. See, e.g. **United States v. Sharma, No.2:15-CR-00051-KJM (E.D. Cal. Sept. 25, 2020); United States v, Crawford, Case No. CR18-305 BHS (W.D. Wash. Feb. 5, 2021).**

## IV.   U. S. S. G 1B1.13

(1) **U.S.S.G 1B1.13** is not binding, and irrelevant to the Defendant's based motions. The statute does not define "extraordinary and compelling reasons," and there is no applicable policy statement from the sentencing commission for the revised compassionate release procedures. See, **United States v. McGee, No. 20-5047 (10th. Cir. 2021); United States v. Brooker, 976 F.3d 228, 236 (2nd Cir. 2020). United States v. Gunn, No. 20-1959, 2020 WL6813995 (7th Cir. Nov. 20, 2020);** See also, **United States v. Cooper, (No. 20-20485) (5th Cir. April 28, 2021)** (The fifth circuit held that the court erred in binding themselves to the old **1B1.13** statement); **United States v. Cantu, 2019 WL2498923, at \*5 (S.D. Texas June 17, 2019)** ("When a defendant brings a motion for a sentence reduction under the amended provision, the court can determine whether other those delineated in

**U.S.S.G 1B1.13 cmt n.1(A)-(C)** warrant granting relief".) The old policy statement is not "applicable" to compassionate release requests brought by the defense after the passage of **The First Step Act of 2018**. As a result, the Ninth Circuit has held that **Section 1B1.13** is not an "applicable policy statement [ ]" for motions under **18 U.S.C. § 3582(c)(1)(A)** filed by a defendant. **United States v. Aruda, 993 F.3d 797, 802 (9th Cir. 2021)**. Since there is now no applicable policy statement governing compassionate release motions filed by defendants, district courts are empowered to consider any extraordinary and compelling reason for release that defendants may raise, even if not enumerated by the Sentencing Commission's statements. **Id. at 801.**

(2) The Court therefore may consider **Section 1B1.13** in its broad exercise of discretion, but it is not bound by its definition of extraordinary and compelling reasons. The Eighth circuit in **United States v. Littrell**, however, the guideline has not been amended to reflect the changes wrought by the **First Step Act of 2018**. And **United States v. Adams, No. 4:18-CR-93 RLW, F.Supp.3d, 2021 WL 126797, at *4-6 (E.D. Mo. Jan. 11, 2021).**

V.   *3553(a)(2)(D)*

(1) Under **3553(a)(2)(D)** it is stated that the sentence must "provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." An argument could be made that the Defendant has not been provided the urgently needed medical care while being housed at Sheridan FCI. It is no secret that the Bureau of Prisons, and more specifically Sheridan FCI has continuously failed to provide the Defendant with the needed medical treatment for his ongoing life-threating issues. If the Defendant is left at Sheridan FCI to serve his term of 41-months this could more than likely turn into a life sentence. This has undoubtedly increased the

5

Defendant's punitive nature of his sentence which potentially was unforeseen by the Courts or the Judge at the time of sentencing.

(2) Under **3553(a)(3)** it states, "the kind of sentences available." It is statistically shown that a very small percentage of inmates placed on the home confinement program re-offend or commit new crimes. The Defendant needs specific individual medical care and is asking of this Honorable Court to consider modifying the Defendant's sentence to comply with that of the home confinement program.

## *CONCLUSION*

The Defendant, Mr. Michael Marcum argues that "extraordinary and compelling reasons," support his release within the meaning of **18 U.S.C. 3582(c)(1)(A)(i)**. The Defendant suffers from severe life-threating medical issues in which the B.O.P.- FCI-Sheridan health system clearly and obviously is unable to provide. The Defendant, Mr. Marcum needs more than just adequate medical care. The Defendant has been rushed to the hospital 3-times within a span of 4-months. Once again, a clear and obvious indication that the Defendant, Mr. Michael Marcum is in desperate need of specialized individual medical care. Inadequate medical care may turn a brief sentence for a medically vulnerable individual into a death sentence."

These circumstances alone and certainly when combined constitute "extraordinary and compelling reasons" and far outweigh any relevant **3553(a) (2) (D)** factors. The Defendant, Mr. Michael Marcum respectfully requests this Honorable Court grant a compassion release and a reduction in his 41-month sentence to time served. Should this request be unacceptable to this Honorable Court; then the Defendant requests that this court grant a post sentencing requirement.

This requirement, being that the remainder of his sentence be served under a court ruling of an approved home confinement program.

Respectfully Submitted,

*Michael M. Marcum* (signature)

Michael M. Marcum
Reg No. - 05885-510
Pro-Se Prisoner
Dated: 10-4-2023

TRULINCS 05885510 - MARCUM, MICHAEL - Unit: SHE-C-L

----------------------------------------------------------------------------------

FROM: 05885510
TO: Business Office
SUBJECT: ***Request to Staff*** MARCUM, MICHAEL, Reg# 05885510, SHE-C-L
DATE: 05/11/2023 02:27:00 PM

To: Warden Jacquez
Inmate Work Assignment: N/A

Dear warden, I respectfully request compassionate release\sentence reduction pursuant to 18 u.s.c 3582 (c) (1)(a) and the first step act. My extraordinary and compelling reason is that my conviction is considered unconditional, see supreme court of the united states, see new York state rifle&pistol Ass'n,Inc. V. Bruen 142 S. CT. 2111(2022). See also district of Columbia V. Heller,554 U.S. 570. 595 (2008) I also have underlying medical conditions such as C.H.F also cirrhosis of the liver which is untreated. According to the first step act, I am over 500 miles from my family . I understand your decision is non-final before submitting and filing my motion to the US District court

TO WARDEN JACQUEZ

BP-A0148
JUNE 10
U.S. DEPARTMENT OF JUSTICE

INMATE REQUEST TO STAFF CDFRM

FEDERAL BUREAU OF PRISONS

TO: (Name and Title of Staff Member) Warden Jacquez
DATE: 7-1-2023
FROM: Michael Marcum
REGISTER NO.: 05885510
WORK ASSIGNMENT: N/A
UNIT: 3-1A

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.

Dear Warden, I Respectfully Request compassionate Release/Sentence Reduction pursuant to 18 U.S.C. 3582(c)(1)(a) and the first step act, my extraordinary and compelling Reason is that my conviction is considered unconditional, See Supreme Court of the United States, See New York State Rifle & Pistol Ass'n, Inc v. Bryen 142 S.CT. 2111 (2022) See also District of Columbia v. Heller 554 U.S. 570, 595 (2008)
I also have underlying medical conditions such as C, H.F. also cirrhosis of the liver which is untreated. According to the First Step Act, I am over 500 miles from my family. This is my 2 time Requesting a compassionate Release/Sentence Reduction I understand your decision is Non-final before submitting and/or filing my motion to the US District Court.

(Do not write below this line)

DISPOSITION:

Signature Staff Member | Date

Record Copy - File; Copy - Inmate
PDF
Prescribed by P5511

This form replaces BP-148.070 dated Oct 86
and BP-S148.070 APR 94

FILE IN SECTION 6 UNLESS APPROPRIATE FOR PRIVACY FOLDER

SECTION 6

TRULINCS 05885510 - MARCUM, MICHAEL - Unit: SHE-C-L

---

FROM: 05885510
TO: Psychology
SUBJECT: ***Request to Staff*** MARCUM, MICHAEL, Reg# 05885510, SHE-C-L
DATE: 07/07/2023 09:06:28 AM

To: matzloll
Inmate Work Assignment: N/A

I would like to be enrolled in any substance abuse courses Thank you

---

FROM: 05885510
TO: Education
SUBJECT: ***Request to Staff*** MARCUM, MICHAEL, Reg# 05885510, SHE-C-L
DATE: 07/07/2023 09:21:24 AM

To:
Inmate Work Assignment: N/A

I would like to be enrolled in building trades or carpentry courses Thank you

TRULINCS 05885510 - MARCUM, MICHAEL - Unit: SHE-C-L

---

FROM: 05885510
TO: Unit 3
SUBJECT: ***Request to Staff*** MARCUM, MICHAEL, Reg# 05885510, SHE-C-L
DATE: 07/07/2023 09:12:36 AM

To: Adegbite
Inmate Work Assignment: N/A

I would like to be enrolled in the money smart courses. I've also sent a paper cop out for the same course Thank you