UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL MARCUM,<br><br>Defendant. | No. 1:22-cr-00164-NODJ-BAM<br><br>ORDER DENYING MOTION FOR RELIEF UNDER 28 U.S.C. § 2255<br><br>(Doc. No. 44) |

**INTRODUCTION**

On August 7, 2023, defendant Michael Marcum filed the pending *pro se* motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. (Doc. No. 44.) On September 7, 2023, the government filed an opposition to that motion. (Doc. No. 47.) Defendant Marcum did not file a reply. In his pending motion defendant asserts a single claim; that his judgment of conviction for being a convicted felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1) should be vacated in light of the Supreme Court's decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). Below, the court will set forth the relevant background before addressing defendant's claim.

On June 9, 2022, defendant Marcum was indicted on charges of being a convicted felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1), possession of a counterfeit postal key in violation of 18 U.S.C. § 1704, and possession of stolen mail in violation of 18 U.S.C. §

1

1708.  (Doc. No. 1.)  Shortly thereafter, on June 23, 2022, the Supreme Court issued its decision in *Bruen*.[1]  Over three and one–half months after *Bruen* was decided, on October 11, 2022, defendant Marcum entered pleas of guilty to all three counts of the indictment (including the § 922(g)(1) charge), pursuant to a written plea agreement.  (Doc. Nos. 25, 26).  On December 20, 2022, he was sentenced to forty–one months imprisonment on each count, with those sentences to be served concurrently.  (Doc. Nos. 33, 34.)

Defendant Marcum did not appeal from his judgment of convictions or his sentence.  However, as noted above, on August 7, 2023, he filed the pending § 2255 motion.  For the reasons set forth by the government in its opposition and further explained below, the court concludes that defendant Marcum is not entitled to the requested relief and that his pending § 2255 motion must be denied.

## LEGAL STANDARD

Title 28 U.S.C. § 2255 allows a federal prisoner to move the sentencing court to vacate, set aside, or correct the sentence if he claims the right to be released upon any of the following four grounds:  (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; or (4) that the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255(a); *see also Davis v. United States*, 417 U.S. 333, 344–45 (1974); *United States v. Monreal*, 301 F.3d 1127, 1130 (9th Cir. 2002); *United States v. Barron*, 172 F.3d 1153, 1157 (9th Cir. 1999).

To warrant the granting of relief on a § 2255 motion, the petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict.  *Brecht v. Abrahamson*, 507 U.S. 619, 637

---

[1] In *Bruen,* the Supreme Court held that in determining whether a statute or regulation violates the Second Amendment, courts must first determine if "the Second Amendment's plain text covers an individual's conduct," in which case "the Constitution presumptively protects that conduct."  597 U.S. at 24.  "The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." *Id.*  This second step "requires only that the government identify a well-established and representative historical analogue, not a historical twin." *Id.* at 30.

2

1  (1993); *see also United States v. Montalvo*, 331 F.3d 1052, 1058 (9th Cir. 2003) ("We hold now
2  that Brecht's harmless error standard applies to habeas cases under section 2255, just as it does to
3  those under section 2254."). Such relief is warranted only where a petitioner has shown "a
4  fundamental defect which inherently results in a complete miscarriage of justice." *Davis*, 417
5  U.S. at 346; *see also United States v. Gianelli*, 543 F.3d 1178, 1184 (9th Cir. 2008).

6        "[A] district court must grant a hearing to determine the validity of a petition brought
7  under [§ 2255], '[u]nless the motions and the files and records of the case conclusively show that
8  the prisoner is entitled to no relief.'" *United States v. Blaylock*, 20 F.3d 1458, 1465 (9th Cir.
9  1994) (quoting 28 U.S.C. § 2255). The court may deny a hearing if the petitioner's allegations,
10 viewed against the record, fail to state a claim for relief or "are so palpably incredible or patently
11 frivolous as to warrant summary dismissal." *United States v. McMullen*, 98 F.3d 1155, 1159 (9th
12 Cir. 1996) (internal quotation marks omitted); *see also United States v. Withers*, 638 F.3d 1055,
13 1062–63 (9th Cir. 2011); *United States v. Leonti*, 326 F.3d 1111, 1116 (9th Cir. 2003). To
14 warrant a hearing, therefore, the petitioner must make specific factual allegations which, if
15 established to be true, would entitle him to relief. *Withers*, 638 F.3d at 1062; *McMullen*, 98 F.3d
16 at 1159. Mere conclusory assertions in a § 2255 motion are insufficient, without more, to require
17 the court to hold a hearing. *United States v. Hearst*, 638 F.2d 1190, 1194 (9th Cir. 1980).

18 **DISCUSSION**

19       First, in his plea agreement, which he knowingly and voluntarily entered into months after
20 *Bruen* was decided, defendant Marcum expressly waived "any right to bring a collateral attack,
21 including a motion under 28 U.S.C. § 2255 or § 2241, challenging any aspect of the guilty plea,
22 conviction, or sentence[.]" (Doc. No. 25 at 11.) Defendant does not argue that his collateral
23 attack waiver was involuntary, nor does he otherwise challenge its validity. Accordingly, the
24 waiver entered by defendant Marcum in his plea agreement in this case is enforceable and
25 compels the denial of his pending § 2255 motion. *United States v. Jackson*, 21 F.4th 1205, 1216
26 (9th Cir. 2022); *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993).

27       Second, defendant Marcum concedes that he did not pursue an appeal following the entry
28 of the judgment of conviction and sentence in his case. By failing to do so, he procedurally

defaulted his constitutional challenge to his § 922(g)(1) conviction based upon the decision in *Bruen* unless he can demonstrate cause and actual prejudice or that he is factually innocent. *See Bousley v. United States*, 523 U.S. 614, 621–24 (1998). Here, defendant Marcum has not attempted to show cause, prejudice or that he is factually innocent of the § 922(g)(1) offense. This provides another ground upon which his pending § 2255 motion must be denied.[2]

Having concluded that defendant is not entitled to relief, the court also declines to issue a certificate of appealability. In this regard, a movant cannot appeal from the denial or dismissal of her § 2255 motion unless he has first obtained a certificate of appealability. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). To obtain a certificate of appealability under 28 U.S.C. § 2253(c), a movant "must make a substantial showing of the denial of a constitutional right, . . . includ[ing] showing that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (citations omitted). In this case, reasonable jurists cannot debate that defendant Marcum's § 2255 motion should be denied. Therefore, this court will decline to issue a certificate of appealability.

---

[2] Were the merits of defendant's only claim to be addressed, it is certainly at the very least questionable whether he would be entitled to the requested relief as to his conviction for violating 18 U.S.C. § 922(g)(1). Since the Supreme Court's decision in *Bruen*, hundreds of courts have been called upon to consider whether various provisions of 18 U.S.C. § 922(g) violate the Second Amendment. *See United States v. Lewis*, No. 22-cr-00381, 2023 WL 6225329, at *1 (M.D. Tenn. Sept. 25, 2023) ("In the fifteen months since *Bruen* was decided, at least 225 district court opinions have been issued discussing the constitutionality of various subsections of Section 922(g) in light of that case."). The overwhelming majority of those courts have concluded that the provisions of § 922(g) do not violate the Second Amendment. More specifically, two of the three federal appellate courts to address this specific issue have found that 18 U.S.C. § 922(g)(1) passes constitutional muster in the wake of *Bruen*. *See United States v. Jackson*, 69 F. 4th 495, 504–06 (8th Cir. 2023); *Vincent v. Garland*, 80 F.4th 1197, 1201–02 (10th Cir. 2023); *But see*, *Range v. Att'y Gen. U.S.*, 69 F. 4th 96 (3d Cir. 2023). The Ninth Circuit has not yet addressed this question. However, prior to the decision in *Bruen,* the Ninth Circuit had found § 922(g)(1) to be constitutional. *See United States v. Younger*, 398 F.3d 1179, 1192 (9th Cir. 2005); *see also United States v. Vongxay,* 594 F.3d 1111, 1115–16 (9th Cir. 2010) (holding that the decision in *Younger* remained viable after the Supreme Court's decision in *Heller*); *United States v. Broadbent*, 2:19-cr-00155-DJC, 2023 WL 6796468, at *3 (E.D. Cal. Oct. 13, 2023) (denying motion to dismiss a § 922(g)(1) charge based on the holding in *Bruen*).

**CONCLUSION**

For the reasons explained above:

1. Defendant Marcum's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 44) is denied.
2. The court declines to issue a certificate of appealability under 28 U.S.C. § 2253(c); and
3. This case remains open pending resolution of defendant's motion for sentence reduction and compassionate release (Doc. Nos. 48, 51).

IT IS SO ORDERED.

Dated: **January 20, 2024**　　　　　　　　　　　_Dale A. Drozd_
　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

5