HEATHER E. WILLIAMS, Bar #122664
Federal Defender
ERIC V. KERSTEN (SBN 312138)
Assistant Federal Defender
2300 Tulare Street, Suite 330
Fresno, California 93721
Telephone: (559) 487-5561
Facsimile: (559) 487-5950

Attorneys for Defendant
MICHAEL MARCUM

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 1:22-cr-00164 DJC-BAM |
|---|---|
| Plaintiff, | DEFENDANT'S REPLY TO UNITED STATES OPPOSITION TO DEFENDANT'S MOTION FOR REDUCTION OF PREVIOUSLY IMPOSED SENTENCE PURSUANT TO 18 U.S.C. § 3582(C)(1)(A)(i) |
| v. | |
| MICHAEL MARCUM, | |
| Defendant. | Judge: Daniel J. Calabretta |

**A. It Is Not Disputed that Michael Marcum Suffers from a Multitude of Severe, Life-Threatening Cardiac Conditions.**

The government does not dispute that Michael Marcum suffers from a multitude of life-threatening cardiac conditions including congestive heart failure, pulmonary hypertension, diastolic dysfunction, syncope, hyperdynamic left ventricle ejection fraction (LVEF 75%), severe right ventricle dilation with severe reduction in systolic function (TAPSE, i.e., tricuspid annual plane systolic excursion 1.3 cm), severe RA (right atrium) dilation, at least moderate tricuspid regurgitation, and severely elevated right ventricular systolic pressure (RVSP 101 mmHg). *See Defendant's Motion for Sentence Reduction*, § D, p. 5–8. Nor does the government

address the concerns of Eugene M. Spear, MD, a cardiologist with Adventist Health Heart and Vascular in McMinnville, Oregon contracted by the Bureau of Prisons evaluate Mr. Marcum's while at FCI Sheridan. On September 27, 2023, Dr. Spear reported that Marcum's was a "tough case[] to treat," and that the medical formulary at FCI Sheridan was not ideal for treatment of his condition. *Id*. at 8. He recommended that the BOP contemplate either compassionate release for Mr. Marcum or transfer to a facility with an in-house medical facility. *Id*.

Dr. Spear conducted a follow up appointment on November 15, 2023. He reiterated that BOP should "consider compassionate release for [Mr. Marcum] as he is in overall poor condition." *Id*. Dr. Spear also recommended a follow up appointment with a cardiologist in about two months, i.e., about January 15, 2024, but that has not occurred.

B. **Mr. Marcum's Cardiac Conditions require Specialized Care that is Not Being Provided at by the Bureau of Prisons.**

The government asserts "Marcum's conditions are both treatable and being treated," but fails to justify this assertion. While Mr. Marcum was transferred to Rochester FMC for medical treatment, that occurred on March 6, 2024. Despite Dr. Spear's recommendation, Mr. Marcum still has not seen a cardiologist, since November 15, 2023. While proper treatment can help manage the symptoms of diastolic heart failure, there no cure for the condition. *See* clevelandclinic.org, May 8, 2022, available at https://my.clevelandclinic.org › health › diseases › 2295. Mr. Marcum's continued incarceration is preventing him from obtaining the cardiac treatment recommended by Dr. Spear. And, as noted by Dr. Spear, the BOP formulary is not ideal for treatment of Marcum's condition. Marcum's health conditions also prevent him from working while incarcerated, and shortness of breath related to his heart failure often requires him to use a 4-wheel walker to move about the facility.

## CONCLUSION

Michael Marcum's heart failure and related symptoms constitute extraordinary and compelling conditions for a reduction of his previously imposed sentence. He suffers from serious physical and medical conditions that substantially diminish his ability to provide self-care within the environment of a correctional facility and from which he will not recover. U.S.S.G. §

1B1.13(b)(1)(B). These conditions also require long-term specialized care that is not being provided and without which he is at risk of serious deterioration in health or death. U.S.S.G. § 1B1.13(b)(1)(C).

  Michael Marcum's guidelines were calculated based on intended loss amounts, but no actual loss was found after a restitution hearing in this matter. Doc. 46. He was sentenced to a 41-month custodial term and his projected BOP release date is May 10, 2025 (Gov't Opposition, Ex. 1, Doc. 61-1, at 2). His BOP eligibility date for home detention is January 10, 2025. *Id*. at 3. Based on the foregoing and the factors set forth in Mr. Marcum's supplemental motion, (Doc. 57), Mr. Marcum respectfully requests that this Court grant his motion for a reduced sentence under 18 U.S.C. § 3582(c) and order his immediate release, either with or without a supervised release condition placing him on home detention until May 10. 2025.

Respectfully submitted,

HEATHER E. WILLIAMS
Federal Defender

Dated: May 28, 2024

*/s/ Eric V. Kersten*
ERIC V. KERSTEN
Assistant Federal Defender
Attorneys for Defendant
MICHAEL MARCUM

Marcum – Reply to Opposition