UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL MARCUM,<br><br>Defendant. | No. 1:22-cr-00164-DJC-BAM<br><br>ORDER DENYING MOTION FOR COMPASSIONATE RELEASE |

Michael Marcum moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) based on an "extraordinary and compelling reaons" that he claims arises from his unfortunate medical conditions. The Government opposes, arguing that Marcum has not shown that his medical needs have deteriorated to the point that the Bureau of Prisons ("BOP") and their staff cannot treat and manage his conditions. The Court agrees with the Government and therefore DENIES WITHOUT PREJUDICE Marcum's Motion for Reduction of Previously Imposed Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (ECF No. 57). However, Marcum may renew this motion once more time has passed following his recent admission to FMC Rochester to better accommodate his serious medical needs. If, after more time, FMC Rochester is not able to accommodate Marcum's needs, he may renew his current argument.

## BACKGROUND

Marcum has a lengthy criminal history spanning back to his youth in state court, but his most recent offense relates to being a felon in possession of a firearm and possessing a counterfeit postal key and stolen mail. (*See* Mot. (ECF No. 57) at 1; Presentence Investigation Report (ECF No. 31) at 8–15 ("PSR").) Marcum was sentenced to 41 months in prison in December 2022 after a plea agreement was reached. (*See* Mot. at 1.) Marcum has already served over half of his sentence (22/41 months) and is expected to be released in May 2025. (*See* Opp'n (ECF No. 61) at 2.)

Marcum is a 47-year-old man who suffers from several serious medical conditions, including congestive heart failure, severe pulmonary hypertension (high blood pressure), cirrhosis of the liver, obesity, and high cholesterol, among other ailments. (*See* Mot. at 1.) Many of these conditions are co-morbidities or complicating factors for each other. (*See id.* at 5–6 and nn.18–20.)

Because of Marcum's ailments, he has been seeing specialists while in prison. (*See* Mot. at 5–8.) One specialist describes Marcum's condition as "tough to treat," asserting that the "medical formulary at FCI Sheridan is not ideal for treatment of Marcum's condition." (*Id.* at 8.) As a result, Marcum's specialist has recommended that Marcum either be granted compassionate release *or* be transferred to a facility with an in-house medical facility. (Reply (ECF No. 63) at 2.)

Marcum later requested transfer to FMC Rochester, which occurred on March 6, 2024. (*See* Reply at 2.) Before this, Marcum requested to see a cardiologist back in November 2023 per his specialist's recommendation. (*See id.*) Marcum has not yet seen a cardiologist while at FMC Rochester. (*See id.*)

Before filing the instant Motion, Marcum exhausted his administrative remedies by filing his motion with the Warden in May 2023. (*See* Opp'n at 3.) Marcum filed his Motion in February 2024, with the Government providing its Opposition in April, and Marcum filing his Reply at the end of May. (*See* Mot. at 19; Opp'n at 8; Reply at 3.) The matter is now fully briefed and submitted.

# DISCUSSION

## I. Legal Standard

Ordinarily, "a federal court 'may not modify a term of imprisonment once it has been imposed.'" *United States v. Wright*, 46 F.4th 938, 944 (9th Cir. 2022) (quoting *United States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021)). Through the Comprehensive Crime Control Act of 1984, Pub. L. No. 98-743, 98 Stat. 1837, Congress created a limited exception to this rule by authorizing courts to grant compassionate release when "extraordinary and compelling" reasons warrant a reduction in sentence. *Id.* (quoting 18 U.S.C. § 3582(c)(1)(A)(i)). Because granting compassionate release is contrary to the principle of finality and the settled expectations of the parties and any victims, courts have described compassionate release as a "narrow" remedy, which "is discretionary, not mandatory[.]" *Id.* (first quoting *Freeman v. United States*, 564 U.S. 522, 526 (2011), *holding modified by Hughes v. United States*, 584 U.S. 675 (2018); and then quoting *United States v. Jones*, 980 F.3d 1098, 1106 (6th Cir. 2020)).

Obtaining compassionate release used to be much more difficult, as the BOP Warden used to retain exclusive discretion to seek compassionate release, which the BOP Warden too sparingly used. *See Wright*, 46 F.4th at 945 (first citing *United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021) (*per curiam*); and then citing *United States v. McCoy*, 981 F.3d 281, 276 (4th Cir. 2020); *United States v. Brooker*, 976 F.3d 228, 230–32 (2d Cir. 2020)). Congress changed that with the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, by authorizing inmates to directly petition the court for compassionate release after exhausting their administrative remedies internally with the BOP. *See id.* (quoting *Keller*, 2 F.4th at 1284).

The Sentencing Commission's policy statement located at U.S.S.G. § 1B1.13 governs the analysis of compassionate release motions and used to be non-binding. *See Wright*, 46 F.4th at 946. Previously, the Ninth Circuit joined other circuits in holding that, because U.S.S.G. § 1B1.13 had not been updated to reflect the passage

of the First Step Act, U.S.S.G. § 1B1.13 was "not an 'applicable policy statement[ ]' for 18 U.S.C. § 3832(c)(1)(A) motions filed by a defendant.'" *Id.* (quoting *Aruda*, 993 F.3d at 802). As a result, the Ninth Circuit held that "while '[t]he Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant,' they cannot be treated as binding constraints on the court's analysis." *Id.*

However, the Sentencing Commission has issued an updated version of U.S.S.G. § 1B1.13 that covers a motion filed by "the Director of the Bureau of Prisons or the defendant" that became effective November 1, 2023. *See* Sentencing Guidelines for United States Courts, 88 Fed. Reg. 28254-01 (Sept. 1, 2023). Thus, U.S.S.G. § 1B1.13 again governs this Court's analysis, and it instructs a court to first determine whether extraordinary and compelling reasons exist to warrant the reduction, and then decide whether a reduction in sentence is justified after considering the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable. *See* U.S.S.G. § 1B1.13(a); *Keller*, 2 F.4th at 1284 (noting that a court need not do the analysis in order where it properly denies the motion). The inmate bears the burden of establishing their eligibility for compassionate release. *See Wright*, 46 F.4th at 951.

**II.     Analysis**

    **A.     Marcum Exhausted His Administrative Remedies**

Before bringing a compassionate release motion before a district court, an inmate must first exhaust their administrative remedies by petitioning the BOP Warden. *See* 18 U.S.C. § 3582(c)(1)(A). Marcum has done so. (*See* Opp'n at 3.)

    **B.     Marcum's Serious Medical Needs Do Not Present an "Extraordinary and Compelling Reason" Warranting Release at this Time**

Marcum asserts that his medical conditions present "extraordinary and compelling reason" warranting a reduction in sentence, either under U.S.S.G. § 1B1.13(b) or (c). (*See* Mot. at 4–5.) Marcum points to the several ailments he has,

and, in particular, his congestive heart failure and related pulmonary and cardiovascular issues.  Marcum argues at length that the BOP cannot manage his conditions. (*See id.* at 8–15.)  However, as the Government notes, Marcum has recently been transferred from FCI Sheridan to FMC Rochester, which has better medical facilities. (*See* Opp'n at 6.)  This is consistent with the recommendation from the specialist Marcum was seeing. (*See* Reply at 2.)

Moreover, Marcum's medical records while at FMC Rochester reveal that the staff there have observed that Marcum is "more active and exercise tolerance is getting a little better." (ECF No. 65 at 60.)  And the staff at Rochester describe Marcum's congestive heart failure as "known" and "stable [ ]." (*Id.* at 11.)

As a result, Marcum does not fall within the scope of U.S.S.G. § 1B1.13(b)(1)(C) because he is being provided the "long-term or specialized medical care" he needs at FMC Rochester, who describe his current condition as "stable [ ]." (ECF No. 65 at 11.) Similarly, Marcum does not fall within the scope of U.S.S.G. § 1B1.13(b)(1)(B) because those medical conditions only qualify as extraordinary and compelling reasons warranting a reduction in sentence when they "substantially diminish[ ] the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."  As noted earlier, the staff at FMC Rochester have already observed improvements in Marcum's condition. (*See* ECF No. 65 at 60.)  Crucially, whatever limitations Marcum's conditions currently present, he still "presents with functional Activities of Daily Living [like cleaning, dressing, or feeding oneself] within the context of the unit, at a Modified Independent to Independent Level." (*Id.* at 70.)  Therefore, Marcum's ability to care for himself within FMC Rochester does not appear "substantially diminished" yet.

Should Marcum's health continue to deteriorate, then he may raise these arguments again in the future.  However, Marcum must first address why a temporary release or furlough under 18 U.S.C. § 3622 could not adequately address his medical needs.  *See* U.S.S.G. § 1B1.13 Commentary Application Note 1.

## CONCLUSION

For the reasons set forth above, the Court DENIES Marcum's Motion for Reduction of Previously Imposed Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (ECF No. 57).  However, Marcum may renew this motion once more time has passed following his recent admission to FMC Rochester to better accommodate his serious medical needs.  If, after more time, FMC Rochester is not able to accommodate Marcum's needs, he may renew his current argument.

IT IS SO ORDERED.

Dated:   **September 5, 2024**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC3 – Marcum.22cr164.Compassionate.Relase